IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BARBARA MITCHELL,

    Plaintiff,

v.                                        No. 1:19-cv-01008-JDB-egb

WAL-MART a/k/a
WAL-MART STORES EAST, LP,

    Defendant.

---

ORDER DISMISSING CASE WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER
JURISDICTION

---

This matter was originally brought in the Circuit Court of McNairy County, Tennessee, on December 19, 2018, by the Plaintiff, Barbara Mitchell, against the Defendant, Wal-Mart a/k/a Wal-Mart Stores East, LP ("Wal-Mart"), and arose from injuries allegedly suffered by Mitchell as a result of a fall on premises owned by the Defendant in Selmer, Tennessee. (*See* Docket Entry ("D.E.") 1-2.) Following service on the Defendant, Mitchell filed a notice of nonsuit and voluntary dismissal in the state court in accordance with the Tennessee Rules of Civil Procedure. An order of nonsuit was entered by the state court on January 3, 2019. The case was removed to this Court by Wal-Mart on January 9, 2019, on diversity of citizenship grounds pursuant to 28 U.S.C. § 1332. (D.E. 1.) According to the Defendant, it was unaware at the time of removal that nonsuit had been sought and obtained by the Plaintiff in state court. Before this Court is the parties' joint motion to close the case based upon the nonsuit. (D.E. 9.)

Removal of a state action to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that,

1

[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place *where such action is pending*.

28 U.S.C. § 1441(a) (emphasis added). The proper procedure for such removal is set forth in 28 U.S.C. § 1446:

A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division *within which such action is pending* a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a) (emphasis added). Thus, the removal statutes, by their very terms, contemplate an action "pending" in the state court at the time of removal. *See Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) ("because they implicate federalism concerns, removal statutes are to be narrowly construed"). As the state court matter Wal-Mart intended to remove to this Court had already been dismissed, and, therefore, was no longer "pending," by the time the notice of removal was filed, there was no action to be removed. *See Hines v. JP Morgan Chase Bank, N.A.*, CASE NO. 3:16-0239, 2016 WL 1399323, at *1-2 (M.D. Tenn. Mar. 3, 2016), *report & recommendation adopted,* 2016 WL 1381792 (M.D. Tenn. Apr. 6, 2016) (matter removed to federal court hours after plaintiffs, unbeknownst to defendants, filed voluntary nonsuit in state action was dismissed by district court without prejudice for lack of subject matter jurisdiction, as "[p]ursuant to [28 U.S.C. §§ 1441 and 1446], only a 'pending' action may be removed.").

Accordingly, this action is hereby DISMISSED without prejudice for lack of subject matter jurisdiction. This is the Final Order in this case.

IT IS SO ORDERED this 21st day of February 2019.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE